IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BLACKHAWK MINING, LLC,**
**Employer Below, Petitioner**

**v.)  No. 25-ICA-32**          (JCN: 2023007720)

**CHRISTIAN WEIS,**
**Claimant Below, Respondent**

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Blackhawk Mining, LLC ("Blackhawk") appeals the December 19, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Christian Weis timely filed a response.[1] Blackhawk filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Weis a 12% permanent partial disability ("PPD") award, and instead granting an additional 3% PPD award for a total award of 15% PPD.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Weis completed an Employees' and Physicians' Report of Occupational Injury form dated October 6, 2022. Mr. Weis indicated that he injured his left lower leg while at work for Blackhawk on October 5, 2022, when he was driving a truck and came around a corner, hit another vehicle, and became pinned inside the truck. The physicians' portion of the form was completed by medical personnel at CAMC General. The form indicated that Mr. Weis' condition is a direct result of an occupational injury. The injury was described as a crush injury and open fracture of the tibia. Also on October 6, 2022, Mr. Weis underwent an open reduction internal fixation of the left tibia for a Grade 3 open segmental tibia fracture.

In an Incident Investigation Report, Bobby Bridges, a Safety Manager at Blackhawk, indicated that Mr. Weis was driving a truck down a hill and was unable to avoid hitting another truck that stopped in front of him. As a result of the collision, the cab

---

[1] Blackhawk is represented by Billy R. Shelton, Esq. Mr. Weis is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

of the truck was crushed into Mr. Weis' legs. On October 13, 2022, the claim administrator held the claim compensable for lower leg crush injury and open fracture of the tibia of the left leg.

On July 12, 2023, Mr. Weis underwent a left FHL tenotomy and second toe flexor tenotomy; left fifth metatarsal head resection; left fifth MTP joint reconstruction and open reduction and pinning; three views of foot interpretation; and stress view stress manipulation. The postoperative diagnoses were contracture of the great toe and second toe dynamically and chronic dislocation of the fifth MTP joint with rigidity.

On October 16, 2023, Prasadarao Mukkamala, M.D., performed an independent medical examination ("IME") of Mr. Weis. Dr. Mukkamala diagnosed a fracture of the left tibia and fibula treated with internal fixation and a fracture of the metatarsals resulting in contractures of the toes, surgically treated. Dr. Mukkamala found no evidence of preexisting conditions and placed Mr. Weis at maximum medical improvement ("MMI"). However, Dr. Mukkamala opined that it was unlikely that Mr. Weis would be capable of returning to his prior occupation and that he needed to find a position that did not involve prolonged walking or standing on uneven surfaces. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala assessed a 7% whole person impairment ("WPI") for loss of range of motion in the left ankle, foot, and toes, a 7% WPI for weakness of the gastrocnemius, and a 3% WPI for atrophy of the left calf. However, Dr. Mukkamala noted that only one of these three ratings could be used, and thus, he concluded that Mr. Weis had a 7% WPI for his left leg. Additionally, Dr. Mukkamala assessed a 5% WPI for multiple scars with some symptomatology, which he combined with the 7%, for a total of 12% WPI. On October 24, 2023, the claim administrator issued an order that granted Mr. Weis a 12% PPD award based on Dr. Mukkamala's report. Mr. Weis protested this order to the Board.

On March 11, 2024, Bruce Guberman, M.D., performed an IME of Mr. Weis. Mr. Weis reported daily left foot and ankle pain, and left knee pain with stiffness. Dr. Guberman opined that Mr. Weis had reached MMI. Using the *Guides*, Dr. Guberman assessed 8% WPI for range of motion abnormalities in the left foot, ankle, and toes. Alternatively, Dr. Guberman found that pursuant to Table 37 of the Guides, Mr. Weis had a 5% impairment for atrophy of the left thigh and a 5% for atrophy of the left calf for a total of 10% WPI. Another alternative rating by Dr. Guberman was based on a finding of weakness of the left gastrocnemius muscle, equaling a 7% WPI based on Table 37 of the Guides. Dr. Guberman noted that only one of the methods for determining impairment can be used. Thus, Dr. Guberman recommended a 10% WPI based on atrophy, which he combined with a 5% WPI for Class 1 symptomatic scars in accordance with Table 2 of the Guides, for a total of 15% WPI. Dr. Guberman noted that Dr. Mukkamala, who recommended a 12% impairment, did not describe measuring the calves at the maximum calf circumference as required by the *Guides*.

On August 9, 2024, Dr. Mukkamala performed an additional evaluation of Mr. Weis. Mr. Weis reported that his left ankle felt tired after prolonged walking and standing and that he had left knee and foot pain. Dr. Mukkamala placed Mr. Weis at MMI. Using the *Guides*, Dr. Mukkamala found a 7% WPI for loss of motion of the ankle and hindfoot and ankylosis of the toes. Dr. Mukkamala stated that the weakness of the gastrocnemius in the left lower extremity was equal to a 7% impairment. Dr. Mukkamala opined that Mr. Weis' atrophy equated to a 7% impairment. Dr. Mukkamala determined that the scars were mildly symptomatic and qualified for a 5% impairment. Thus, Dr. Mukkamala combined these impairment ratings and again concluded that Mr. Weis had a 12% whole person impairment. Dr. Mukkamala disagreed with Dr. Guberman's findings. Dr. Mukkamala stated that under the *Guides*, the findings reported by Dr. Guberman for range of motion of the left great toe indicated a 1% impairment, not 2% as Dr. Guberman recommended. Dr. Mukkamala indicated that he measured the calf at the greatest circumference.

On December 19, 2024, the Board issued a decision reversing the claim administrator's order, which granted Mr. Weis a 12% PPD award, and instead granted Mr. Weis an additional 3% PPD for a total award of 15% PPD. The Board found that the opinions of Dr. Mukkamala and Dr. Guberman were both reliable and of equal evidentiary weight. Accordingly, pursuant to West Virginia Code § 23-4-1g, the Board adopted Dr. Guberman's recommendation, as it was the most consistent with Mr. Weis' position. It is from this order that Blackhawk now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Blackhawk asserts that the Board was clearly wrong in granting Mr. Weis a 15% PPD award for the compensable injury based on the arbitrary opinion of Dr. Guberman. We disagree.

Here, the Board found that Mr. Weis sustained a crush injury and open fracture of his left leg. The Board found that the reports of Drs. Guberman and Mukkamala were of equal evidentiary weight. Thus, the Board adopted the report that is most consistent with Mr. Weis' position pursuant to West Virginia Code § 23-4-1g (2003).[2] The Board concluded that Mr. Weis is entitled to a 15% PPD award based upon Dr. Guberman's recommendation. We conclude that the Board was not clearly wrong in finding that Drs. Guberman and Mukkamala were equally persuasive and in adopting Dr. Guberman's findings as required by West Virginia Code § 23-4-1g.

Further, we find no merit in Blackhawk's argument that Dr. Guberman's impairment rating was "arbitrary," or that he did not explain the basis of his rating. The Board found that Dr. Guberman's rating for the left great toe based upon loss of range of motion should have been 1% instead of 2%. However, the Board found that this rating does not affect the reliability of Dr. Guberman's rating, because he did not recommend that Mr. Weis be granted an award based upon range of motion loss. Instead, the Board found that Dr. Guberman recommended 15% impairment based upon atrophy and scarring, which is in accordance with the *Guides*.

Upon review, we conclude that Blackhawk has not demonstrated that the Board was clearly wrong in adopting Dr. Guberman's recommendation and granting Mr. Weis a 15% PPD award. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, pursuant to West Virginia Code § 23-4-1g, we cannot conclude that the Board was clearly wrong in finding that Mr. Weis established that he had a 15% WPI for the compensable injury.

Accordingly, we affirm the Board's December 19, 2024, order.

---

[2] West Virginia Code § 23-4-1g, provides, in part, that:

If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

Affirmed.

**ISSUED:**  October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White